LEHRMAN LAW GROUP
KATE S. LEHRMAN [Bar No. 123050]
ANTHONY PAUL GRECO [Bar No. 296398]
DERRICK Y. CHU [Bar No. 310238]
12121 Wilshire Boulevard
Suite 1300
Los Angeles, CA 90025
(310) 917-4500
(310) 917-5677 (FAX)

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**03/05/2020** at 11:11:00 AM
Clerk of the Superior Court
By Veronica Navarro, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

| | |
|---|---|
| PHILIP PALUMBO; and PROJECT M WOLRDWIDE L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC; and DOES 1 through 75, inclusive,<br><br>Defendants. | Case No. 37-2020-00005602-CU-BC-NC<br>[Filed: January 30, 2020]<br><br>Hon. Earl H. Maas III<br>Dept. N-28<br>**IMAGED FILE**<br><br>**MERCEDES-BENZ USA, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>DISCOVERY CUT-OFF:    NONE<br>MOTION CUT-OFF:      NONE<br>TRIAL DATE:           NONE |

Defendant MERCEDES-BENZ USA, LLC hereby answers the Complaint of plaintiffs PHILIP PALUMBO and PROJECT M WOLRDWIDE L.P as follows:

1.     By virtue of the provisions of the Code of Civil Procedure section 431.30, subdivision (d), defendant denies, generally and specifically, each and every allegation contained in the Complaint.

///

///

///

365.564.DC - 00467992.DOC          1          37-2020-00005602-CU-BC-NC

MERCEDES-BENZ USA, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## FIRST AFFIRMATIVE DEFENSE

2.    The Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

3.    The Complaint fails to state facts sufficient to entitle plaintiffs to the relief sought, or any other relief whatever.

## THIRD AFFIRMATIVE DEFENSE

4.    Plaintiffs' claims for consequential and incidental damages, including damages for physical and emotional injury, are specifically barred by the terms of the warranty in question and applicable law.

## FOURTH AFFIRMATIVE DEFENSE

5.    The Complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations, including, but not limited to, California Uniform Commercial Code section 2725, Code of Civil Procedure sections 337, 338, 339, 340 or 343 and Civil Code section 1793 .2.

## FIFTH AFFIRMATIVE DEFENSE

6.    Defendant has clearly and conspicuously disclosed to plaintiffs, with the warranty or the owner's manual, the provisions of Civil Code section 1793 .22 and of Civil Code section 1793 .2, subdivision ( d), including the requirement that plaintiffs must notify defendant directly pursuant to paragraphs (1) and (2) of Civil Code section 1793.22, subdivision (b). Defendant is informed and believes, and based thereon alleges, that plaintiffs did not give proper notice.

## SIXTH AFFIRMATIVE DEFENSE

7.    Plaintiffs are barred from recovery to the extent that any alleged defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale or lease. (Civ. Code, § 1794.3.)

///

///

///

///

## SEVENTH AFFIRMATIVE DEFENSE

8. Any delay in servicing or repairing plaintiffs' vehicle was caused by conditions beyond the control of defendant and its authorized repair facilities. The vehicle was tendered as soon as possible following termination of the condition giving rise to the delay. (Civ. Code, § 1793.2, subd. (b).)

## EIGHTH AFFIRMATIVE DEFENSE

9. Persons, both served and unserved, named and unnamed, in some manner or percentage were responsible for plaintiffs' damages, if any, and defendant requires an Order from the trier of fact setting forth a percentage of fault of each and every person, named and unnamed, served and unserved, and the proportion of the several liability for non-economic damages, pursuant to the provisions of Civil Code section 1431.2, et seq.

## NINTH AFFIRMATIVE DEFENSE

10. Plaintiffs cannot recover a civil penalty because plaintiffs' claim is based solely on breach of an implied warranty. (Civ. Code, § 1794, subd.(c).)

## TENTH AFFIRMATIVE DEFENSE

11. Plaintiffs cannot recover a civil penalty because defendant's actions were not willful. (Civ. Code, § 1794, subd. (c).)

## ELEVENTH AFFIRMATIVE DEFENSE

12. The amount of restitution, if any, to which plaintiffs may be entitled, must be reduced by that amount directly attributable to use by plaintiffs prior to the time that plaintiffs first delivered the vehicle for correction of the problem that gave rise to the nonconformity, according to proof at trial. (Civ. Code, § 1793.2, subd. (d)(2)(C).)

## TWELFTH AFFIRMATIVE DEFENSE

13. Plaintiffs cannot recover a civil penalty for a non-willful violation of paragraph (2) of subdivision ( d) of Civil Code section 1793 .2, because defendant participates in a qualified third-party dispute resolution process. (Civ. Code§ 1794, subd. (e)(2).)

///

///

**MERCEDES-BENZ USA, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

## THIRTEENTH AFFIRMATIVE DEFENSE

14.    Defendant is informed and believes, and based thereon alleges, that plaintiffs cannot recover a civil penalty for a non-willful violation of paragraph (2) of subdivision (d) of Civil Code section 1793.2, because plaintiffs failed to serve proper notice. (Civ. Code § 1794, subd. (e)(3).)

## FOURTEENTH AFFIRMATIVE DEFENSE

15.    Defendant participates in a qualified third-party dispute resolution process, and plaintiffs received timely notification in writing of the availability of that qualified third-party dispute resolution process with a description of its operation and effect.  The presumption in Civil Code section 1793.22, subdivision (b) may not be asserted by plaintiffs because plaintiffs did not initially resort to the qualified third-party dispute resolution process.  (Civ. Code, § 1793.22(c).)

## FIFTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs' claims, if any, are subject to arbitration under the Lease Agreement executed by plaintiffs on January 1, 2017, and defendant does not waive its rights to seek arbitration.

**WHEREFORE**, defendant MERCEDES-BENZ USA, LLC prays for judgment in its favor, as follows:

1.    That plaintiffs take nothing from defendant by way of the Complaint;

2.    For judgment in favor of defendant;

3.    That defendant be awarded costs of defending this Complaint; and

4.    For such other and further relief as this Court deems just and proper.

Dated: March 5, 2020

LEHRMAN LAW GROUP
KATE S. LEHRMAN
ANTHONY PAUL GRECO
DERRICK Y. CHU

By: _____
Derrick Y. Chu
Attorneys for Defendant
MERCEDES-BENZ USA, LLC

365.564.DC - 00467992.DOC                    4                    37-2020-00005602-CU-BC-NC

## DEMAND FOR JURY TRIAL

Defendant MERCEDES- BENZ USA, LLC demands trial by jury.

Dated: March 5, 2020

LEHRMAN LAW GROUP
KATE S. LEHRMAN
ANTHONY PAUL GRECO
DERRICK Y. CHU



By: _____
Derrick Y. Chu
Attorneys for Defendant
MERCEDES-BENZ USA, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA              )
                                 ) ss.
COUNTY OF LOS ANGELES            )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 12121 Wilshire Blvd., Suite 1300, Los Angeles, CA 90025.

On March 5, 2020, I served, in the manner indicated below, the foregoing document described as: **MERCEDES-BENZ USA, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, CA addressed as follows:

### SEE ATTACHED LIST

☐   **BY OVERNIGHT DELIVERY:** I caused such envelopes to be delivered by Golden State Overnight air courier, with next day service, to the offices of the addressees. (C.C.P. §1013(c)(d).)

☒   **BY MAIL:** I caused to be delivered by U.S. mail by placing a true copy thereof enclosed in sealed envelopes addressed as stated above. I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐   **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b).)

☐   **BY ELECTRONIC MAIL:** I transmitted such document from Los Angeles, California, to the electronic mail address maintained by the person(s) on the SERVICE LIST as last indicated by that person on a document that he or she has filed in the above-entitled cause and served on this party. C.C.P. §1010.6 (a)(6).)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 5, 2020, at Los Angeles, California.

Tra'Shon Pugh

365.564.DC - 00467992.DOC       6       37-2020-00005602-CU-BC-NC

PROOF OF SERVICE LIST
MERCEDES-BENZ USA, LLC/PALUMBO, PHILIP
(M127-564)(365.564)
Case No. 37-2020-00005602-CU-BC-NC
Page 1

Gregory T. Babbitt, Esq.
Michael A. Klitzke, Esq.
ROSNER, BARRY & BABBITT, LLP
10085 Carroll Canyon Road, Suite 100
San Diego, CA 92131
(858) 348-1005
(858) 348-1150 (FAX)
greg@rbblawgroup.com
michael@rbblawgroup.com

Attorneys for Plaintiffs
PHILIP PALUMBO and PROJECT M
WORLDWIDE L.P.